UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number:  07-60003-CIV-MORENO

QUADOMAIN CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

vs.

QBE INSURANCE CORPORATION,

      Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COUNTS I, III, AND IV OF AMENDED COMPLAINT

Plaintiff Quadomain Condominium Assocation, Inc. ("Quadomain") commenced this civil

action for breach of an insurance contract against Defendant QBE Insurance Corporation ("QBE")

seeking monetary damages.  This Court's jurisdiction is founded in diversity pursuant to 28 U.S.C.

§ 1332.  The case is presently before the Court upon QBE's Motion to Dismiss Counts I, III, and IV

of Quadomain's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6).  For the reasons set out below, Defendant's Motion to Dismiss is granted in part

and denied in part as to Count I; granted as to Count III; and granted as to Count IV.

## BACKGROUND

Quadomain is a Florida non-profit corporation and condominium association.  QBE is a

commercial property insurance carrier registered in the State of Pennyslvania with its principal

place of business in New York, New York.  In the instant matter, QBE sold an insurance contract

to Quadomain covering property located in Broward County, Florida for the period of December

31, 2004 to December 31, 2005.  On October 24, 2005, Hurricane Wilma struck South Florida.

As a result, Quadomain filed a claim with QBE alleging wind and water damage to the subject

property "in excess of 2.80 million dollars."  QBE inspected the damages to Quadomain's

property, but has yet to pay the claim.  The parties disagree as to the extent of the damage

covered under the insurance policy, and this action followed.


## DISCUSSION


The Amended Complaint alleges four causes of action: (1) declaratory judgment; (2)

breach of contract for failure to provide coverage; (3) breach of contract for breach of implied

warranty of good faith and fair dealing; and (4) violation of section 627.701 of the Florida

Statutes.  QBE moves to dismiss Counts I, II, and IV for failure to state a claim.  A motion to

dismiss for failure to state a claim should not be granted "unless it appears beyond all doubt that

the plaintiff can prove no set of facts . . . that would entitle him to relief." Powell v. Lennon, 914

F.2d 1459, 1463 (11th Cir. 1990).

Although neither party disputes that Florida law applies to this action, the Court notes

that in a case founded on diversity jurisdiction, the district court must apply the forum state's

choice of law rules.  Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., 468 F.3d 1322,

1325 (11th Cir. 2006).  This Court sits in the Southern District of Florida.  Florida's choice of

law rules mandate the application of Florida law to a dispute over a contract to insure real

property located within the state.  Great Am. E&S Ins. Co. v. Sadiki, 170 Fed. Appx. 632, 633

(11th Cir. 2006).  Thus, Florida law applies to this action.


## DECLARATORY JUDGMENTS ACT


Count I of the Amended Complaint asks the Court to enter a declaratory judgment "that

the co-insurance payments are void because QBE's policy fails to comply with section 627.701,

Florida Statutes."  Further, Count I requests a declaratory judgment "that the Insurance Contract

is valid and enforceable and that pursuant to the terms and conditions of the Insurance Contract,

Quadomain is entitled to property insurance coverage for its damage claim arising from

Hurricane Wilma. . . ."  QBE moves to dismiss this count on the grounds that it is merely another

aspect of Quadomain's breach of contract claim, not an independent basis for relief.

A party's right to declaratory judgment is controlled by the Declaratory Judgments Act, as

stated under section 86.021 of the Florida Statutes.  In order to support a claim for declaratory

judgment under this provision, a party must allege the following elements:


(1) a bona fide adverse interest between the parties concerning a power, privilege,

immunity or right of the plaintiff

(2) the plaintiff's doubt about the existence or non-existence of this rights or privileges;

and

(3) that he is entitled to have the doubt removed.

Floyd v. Guardian Life Ins. Co., 415 So. 2d 103, 104 (Fla. 3d DCA 1982).  First, a "bona fide adverse interest" is established when a plaintiff makes a claim that it was insured under the defendant's insurance policy.  Id. at 104.  Second, if the insurer's acts regarding coverage make the plaintiff uncertain about its status under the policy, then the plaintiff is "entitled to have that status determined."  Id. at 105.

## I.      Coinsurance Payment Provision

Quadomain seeks a declaratory judgment decreeing as void the provisions of the insurance contract requiring coinsurance payments for failure to comply with section 627.701(4)(a) of the Florida Statutes.  Section 627.701(4)(a) provides in pertinent part that "[a] policy containing a coinsurance provision applicable to hurricane losses must on its face include in boldfaced type no smaller than 18 points the following statement: 'THIS POLICY CONTAINS A CO-PAY PROVISION THAT MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU.'" Fla. Stat. § 627.701(4)(a) (2007).

In its Motion to Dismiss, QBE puts forth two arguments:  First, QBE submits that coinsurance payments have no bearing on the policy at issue.  QBE argues that coinsurance is neither a benefit nor a premium which requires payment, but rather a means of reduction of benefits if an insured fails to maintain coverage at a stipulated percentage.  Thus, QBE contends that a request for declaratory judgment on the issue is "fruitless" as no coinsurance payments are required under the policy.  Second, QBE notes that no actual controversy exists regarding the coinsurance provision; therefore, a declaratory judgment is unnecessary.  In the alternative, QBE

requests a more definite statement of this claim.

In order to support a claim for declaratory judgment under section 86.021, a party must allege the following elements:

(1) a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff

(2) the plaintiff's doubt about the existence or non-existence of this rights or privileges; and

(3) that he is entitled to have the doubt removed.

Floyd v. Guardian Life Ins. Co., 415 So. 2d 103, 104 (Fla. 3d DCA 1982). First, a "bona fide adverse interest" is established when a plaintiff makes a claim that it was insured under the defendant's insurance policy. Id. at 104. Here, it is undisputed that Quadomain's property is insured by a QBE policy. Second, if the insurer's acts regarding coverage make the plaintiff uncertain about its status under the policy, then the plaintiff is "entitled to have that status determined." Id. at 105. Quadomain alleges that QBE's coinsurance clause runs afoul of section 627.701(4)(a) and is therefore void: "The provision upon which QBE attempts to rely upon as a basis for its application of co-insurance payments fails to comply with Section 627.701, Florida Statutes." However, the Court finds this allegation to be conclusory in nature and inadequate as a claim for declaratory judgment. QBE maintains that there is no controversy in regard to coinsurance, or at least no issue has been previously raised with QBE. Despite Quadomain's attempt in its Response to save this pleading by stating that it "is in doubt as to the applicability

of coinsurance and the exact payments" owed due to QBE's violation of Section 627.701, the Court finds that declaratory judgment is improper in this context.

Quadomain relies on Lutz v. Protective Life Ins. Co., 951 So. 2d 884 (Fla. 4th DCA 2007) in support of its claim for declaratory judgment.  In Lutz, the plaintiff sought a declaration that the insurance company failed to comply with the conditions of section 627.6515, which, if met, would exempt the plaintiff's group insurance policy from certain requirements in Chapter 627.  Lutz, 951 So. 2d at __.  The plaintiff in that case contended that the parties disputed whether those requirements applied to his policy.  Id.  If they did apply, the plaintiff would have additional rights under his policy and would help him establish that the defendant breached its contract.  Id.  The Lutz court found that the plaintiff set forth sufficient uncertainty in his pleadings as to the existence of rights under the insurance contract and an actual dispute with the insurer concerning those rights.  Id.  The defendant in that case had already raised the premiums contrary to the requirements of Chapter 627.  Id.  Here, Quadomain states in its Response that it "is in doubt as to the applicability of coinsurance and the exact payments."  Yet, Quadomain does not allege in its Amended Complaint that an actual dispute exists concerning coinsurance payments.  Based on its pleadings, Quadomain does not allege that QBE has wrongfully requested such payments or imposed a penalty.[1]  Thus, the present case is distinguishable from Lutz.  Even accepting Quadomain's allegations as true under the motion to dismiss standard, this

---

[1] In United States Fire Ins. Co. v. Roberts, 541 So. 2d 1297 (Fla. 1st DCA 1989), the court affirmed the entry of summary judgment in favor of the insured and found the coinsurance clause at issue to be void and of no effect.  Id. at 1299.  In that case, the insurance company invoked a penalty provision because the insured's property was undervalued.  Id. at 1298.  However, because it had failed to include a statement in the form required by section 627.701, as amended in 1983, the court found this clause void.  Id. at 1299.  While the requirements of section 627.701(4)(a) at issue in this case are analogous, Quadomain has not pled that QBE has invoked this penalty provision.  Therefore, there is no such controversy here.

Court finds that Quadomain is entitled to no relief.  Although it may be true that the policy in question violates section 627.701(4)(a), there is no justiciable controversy for this Court to decide.  Count I, as it pertains to coinsurance, is dismissed.

## I.     Entitled to Coverage

Quadomain is also seeking declaratory judgment to affirm "that the Insurance Contract is valid and enforceable and that pursuant to the terms and conditions of the Insurance Contract, Quadomain is entitled to property insurance coverage for its damage claim arising from Hurricane Wilma. . . ."  QBE argues that Quadomain fails to allege that the instant policy is ambiguous, so a declaratory judgment is improper.  Once again, in order to support a claim for declaratory judgment under section 86.021, a party must allege the following elements:

(1) a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff

(2) the plaintiff's doubt about the existence or non-existence of this rights or privileges; and

(3) that he is entitled to have the doubt removed.

Floyd v. Guardian Life Ins. Co., 415 So. 2d 103, 104 (Fla. 3d DCA 1982).  First, a "bona fide adverse interest" is established when a plaintiff makes a claim that it was insured under the defendant's insurance policy.  Id. at 104.  Quadomain's property was insured by a QBE policy.

Second, if the insurer's acts regarding coverage make the plaintiff uncertain about its status under the policy, then the plaintiff is "entitled to have that status determined." Id. at 105.  Quadomain alleges that QBE has failed to "investigate, adjust, pay and/or settle Quadomain's claim" and therefore, QBE's actions have created doubt as to Quadomain's right to receive payment on its claim.

QBE's main argument is that Quadomain does not allege ambiguity.  While QBE concedes that an ambiguous policy will be construed in favor of coverage, Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1358 (M.D. Fla. 2001), it contends that Quadomain has not alleged that any portion of this policy is illusory or ambiguous.  It is well settled law that an insurance provision will only become illusory when its terms contradict one another.  Purrelli v. State Farm Fire & Cas. Co., 698 So. 2d 618 (Fla. 2d DCA 1997).  The mere fact that an insurance policy is a complex document which requires a thorough analysis does not translate to ambiguity.  Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 139 F. Supp. 2d 1374, 1379 (S.D. Fla. 2001) (citing City of Delray Beach v. Agric. Ins. Co., 85 F.3d 1527 (11th Cir. 1996)).  Although these are correct statements of black letter insurance contract law, this Court finds that they do not bear on whether Quadomain is entitled to survive a motion to dismiss on its claim for a declaratory judgment.

Unlike the above claim regarding coinsurance, the Court holds that here Quadomain has adequately pled an actual controversy.  Namely, Quadomain has submitted its claim for hurricane damages, and QBE has yet to "investigate, adjust, pay and/or settle Quadomain's claim."  This failure to act is sufficient for Quadomain to infer the existence of a dispute as to its right to coverage under the insurance policy.  In this context, a declaratory judgment would not serve

only to "'answer abstract questions' or 'satisfy idle curiosity.'" <u>Lutz</u>, 951 So. 2d at __ (quoting <u>X Corp. v. Y Person</u>, 622 So. 2d 1098, 1102 (Fla. 2d DCA 1993)).  Just as in <u>Lutz</u>, a declaratory judgment may allow Quadomain to establish that QBE breached its contract.  <u>See</u> <u>Lutz</u>, 951 So. 2d at __ .  On the other hand, a declaratory judgment favorable to QBE may convince Quadomain not to expend additional resources to litigate the present suit.  Quadomain's allegations are sufficient to proceed.  Therefore, the Court denies QBE's Motion to Dismiss Count I, as it relates to coverage.

### BREACH OF IMPLIED WARRANTY OF GOOD FAITH AND FAIR DEALING

Count III of the Amended Complaint alleges that QBE has materially breached its implied warranty of good faith and fair dealing in association with Quadomain's insurance policy.  In support of its claim that Quadomain fails to state a claim, QBE puts forth two arguments: First, Quadomain fails to allege that QBE has breached any express policy provision.  Second, Quadomain's claim is actually a claim for statutory bad faith, controlled by section 624.155 of the Florida Statutes, which cannot proceed until the underlying coverage dispute has been resolved.

### I.      Breach of Express Policy Provision

QBE first argues that Quadomain points to no express policy provision in breach.  Under Florida law, every contract includes an implied covenant of good faith and fair dealing. <u>Centurion Air Cargo, Inc. v. United Parcel Serv. Co.</u>, 420 F.3d 1146, 1151 (11th Cir. 2005).

Good faith and fair dealing is an interpreting, gap-filling doctrine which applies only when the propriety of a contracting party's conduct is not resolved by the terms of the contract.  See Burger King Corp. v. Weaver, 169 F.3d 1310, 1316 (11th Cir. 1999).  The covenant is generally invoked to explain or qualify ambiguous contract terms regarding the permissibility of a party's conduct, or to limit the party's discretion to act when the terms afford the party substantial discretion.  See Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1097-98 (Fla. 1st DCA 1999).  In the instant case, Quadomain brings this claim against QBE for "failing to pay," "failing to fairly and promptly investigate," "failing to fairly and promptly pay," "failing to fairly and promptly settle," and "[o]therwise failing to provide property coverage."  From the word "promptly," it would appear that Quadomain is attempting to limit QBE's discretion regarding the timeliness of coverage. The policy at issue contains no express provision regarding a deadline for settling a damages claim.

Yet, a party must still allege that an express contractual provision has been breached. Trief v. American Gen. Life Ins. Co., 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006) (J. Ungaro-Benages).  "To allege a breach of the implied covenant, the party must demonstrate a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." Id. at 1097.  However, the claim must allege facts different from those giving rise to a basic breach of contract claim.  Stallworth v. Hartford Ins. Co., slip op., No. 3:06cv89/MCR/EMT, 2006 WL 2711597, at *5 (N.D. Fla. Sept. 19, 2006).

In the Amended Complaint, Quadomain cites to excerpts of the general policy provision on coverage and references the entire policy attached as Exhibit "A."  QBE argues that since the policy does not expressly provide how QBE must adjust, investigate, settle, or pay claims, Quadomain fails to allege that a specific provision of the contract has been breached.  In response, Quadomain notes provision "E(4)(a)(4)," which provides that QBE "will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition."  However, at the same time, Quadomain states that "there is no time-frame for these determinations or other specific conditions about how the valuations will be made or how replacement cost or repair will be determined, all of which are implied terms."  Consequently, a balance must be struck between the requirement of alleging that a specific provision has been breached and the requirement that the contract does not expressly dictate the conduct in question.  The Court finds here that this balance exists. Quadomain sufficiently alleges that QBE has breached an express coverage provision of its policy, which requires gap-filling in regard to a reasonable time frame for payment.


II.     **Statutory Bad Faith**


QBE's second argument in support of dismissal is that Quadomain's claim sounds in statutory bad faith pursuant to section 624.155 of the Florida Statutes,[2] not a breach of good faith

---

[2] Section 624.155 provides in pertinent part that a party may bring a civil action against an insurer for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his or her interests."  Fla. Stat. § 624.155 (2005).

-11-

and fair dealing.  This Court agrees.  Since a claim for statutory bad faith would be premature and must fail, Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991) (holding that a statutory bad faith claim cannot proceed until the underlying coverage dispute has been resolved), QBE submits that Quadomain is attempting to circumvent the statutory requirements and Florida case law.[3]

To buttress its argument, QBE relies on Trief v. Am. Gen. Life Ins. Co., 444 F. Supp. 2d 1268 (S.D. Fla. 2006).  Trief involved a suit by a deceased insured's beneficiary under a life insurance policy for failing to pay death benefits.  Id.  The Court in Trief dismissed the plaintiff's count for breach of the implied covenant of good faith and fair dealing and further denied plaintiff's motion to amend its complaint to add a statutory bad faith claim as premature.  Id. at 1270.  In doing so, the Court considered allegations similar to those in the instant matter[4] in holding that they "resemble[d] a claim for statutory bad faith rather than one for breach of implied obligation of good faith."  Id.  Further, the Court found the allegations to be "nothing more than a general allegation for breach of contract" and dismissed them as duplicative.  Id. Quadomain attempts to distinguish this case by stating that the policy in that case did not mention how the defendant was required to adjust, investigate, or pay claims.  As noted above, Quadomain cites provision "E(4)(a)(4)" of its policy, which provides that QBE "will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable

---

[3] "Even where a plaintiff does not assert a separate cause of action for bad faith, but instead includes bad faith allegations within a breach of contract claim, the bad faith allegations may be stricken as prejudicial." Dennis v. Nw. Mut. Life Ins. Co., No. 3:06-cv-43-J-20MCR, 2006 WL 10000308, at *3 (M.D. Fla. Apr. 14, 2006).

[4] The allegations in that case are identical with the only distinction being the use of the phrase "wrongfully and carelessly" in lieu of "fairly and promptly." See Trief, 444 F. Supp. 2d at 1270.

provision which amends or supersedes the Valuation Condition." Regarding the duplicity

finding in <u>Trief</u>, here the count for breach of the implied warranty of good faith and fair dealing

contains differently worded allegations than the Count for breach of contract.

　　Meanwhile, Quadomain relies on <u>Stallworth v. Hartford Ins. Co.</u>, slip op., No.

3:06cv89/MCR/EMT, 2006 WL 2711597, at *5 (N.D. Fla. Sept. 19, 2006). In <u>Stallworth</u>, the

court dismissed the plaintiffs' claim for statutory bad faith as premature but allowed its claim of

breach of the warranty of good faith and fair dealing to proceed. <u>Id.</u> at *6. The defendants in that

case similarly argued that despite the styling of their claim, the plaintiffs are really asserting a

statutory bad faith claim. <u>Id.</u> at *5. The court rejected their argument in a curious opinion after

actually finding that the *pro se* plaintiffs' claim was "substantially similar to allegations

necessary to state a claim for bad faith failure to settle" and altogether "insufficient to state a

claim." <u>Id.</u> The court even went on to state that the plaintiffs "failed to allege a factual basis for

the claim that is different from the factual basis underlying the breach of contract claim," but

"[d]espite this deficiency, [the] court cannot conclude beyond all doubt that [the plaintiffs] can

prove no set of facts that would entitle them to relief." <u>Id.</u> (holding also that the plaintiffs failed

to specify any written contract term that was breached). It seems that the <u>Stallworth</u> court took

very seriously its duty to "construe a pro se plaintiff's complaint more liberally than pleadings

drafted by lawyers." <u>Id.</u> at *4. As such, while this case certainly supports Quadomain's position,

its reasoning is not binding upon this Court.

　　In its Response, Quadomain also attempts to distinguish its claim from one for statutory

bad faith. Quadomain states that an action for bad faith alleges an insurer's wrongful refusal to

settle a claim, <u>Brookins v. Goodson</u>, 640 So. 2d 110 (Fla. 4th DCA 1994), while an action for

-13-

breach of the implied covenant of good faith and fair dealing relates to whether the parties'

reasonable expectations have been met in regard to the implied obligations of an express

contractual provision, Cibran v. BP Prods. N. Am., Inc., 375 F. Supp. 2d 1355 (S.D. Fla. 2005).

While Quadomain's distinction is sound as a matter of law, its allegations themselves are not in

tune with this analysis.  Quadomain asserts that QBE failed to "fairly" pay its claim.  Such

language is analogous to the term "wrongful" which would imply a statutory bad faith claim

under § 624.155.  A breach of the implied warranty of good faith and fair dealing deals with the

parties' implied contractual obligations and reasonable expectations.   Quadomain's claim is one

for statutory bad faith dressed in breach-of-implied-warranty clothing.   Because such a claim

would be premature if brought, Count III is dismissed.  See Blanchard, 575 So. 2d at 1291.


## STATUTORY VIOLATION


Count IV contains allegations for a violation of section 627.701 of the Florida Statutes,

for which Quadomain is seeking compensatory and special damages.  Section 627.701(4)(a)

provides in pertinent part that "[a]ny policy that contains a separate hurricane deductible must on

its face include in boldfaced type no smaller than 18 points the following statement: 'THIS

POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE LOSSES, WHICH

MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU.'" Fla. Stat. §

627.701(4)(a) (2007).  The gravamen of Quadomain's complaint is that the policy contains the

word "Windstorm" instead of "Hurricane Losses" and fails to comply with the requirement that

the statement must be no smaller than 18 points.  QBE moves to dismiss this Count asserting

three arguments:   First, a hurricane is a windstorm by definition.  Second, the purpose of this statute is to put an insured on notice of a separate deductible for the type of damages allegedly suffered in a hurricane, which QBE's statement accomplishes.  Third, there is no independent cause of action for violating this statute under Florida case law.  Therefore, QBE contends that Quadomain has failed to allege an injury and has failed to state a claim upon which relief may be granted.

Additionally, Quadomain cites to Section 627.701(4)(a), which provides in pertinent part that "[a] policy containing a coinsurance provision applicable to hurricane losses must on its face include in boldfaced type no smaller than 18 points the following statement: 'THIS POLICY CONTAINS A CO-PAY PROVISION THAT MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU.'" Fla. Stat. § 627.701(4)(a) (2007).  Quadomain alleges that the policy contains no provision relating to coinsurance applicable to hurricane losses.  As stated earlier, QBE maintains that there is no controversy in regard to coinsurance, or at least no issue has been previously raised with QBE.  QBE again submits that there is no independent cause of action for violating this statute under Florida case law.  The Court agrees and finds that no independent cause of action exists.

In support of its argument, Quadomain cites United States Fire Ins. Co. v. Roberts, 541 So. 2d 1297 (Fla. 1st DCA 1989).  As discussed supra, in United States Fire Ins. Co., the court affirmed the entry of summary judgment in favor of the insured and found the coinsurance clause at issue to be void and of no effect.  Id. at 1299.  In that case, the insurance company invoked a penalty provision because the insured's property was undervalued.  Id. at 1298.  However, because it had failed to include a statement in the form required by section 627.701, as amended

-15-

in 1983, the court found this clause void.  Id. at 1299.  While the requirements of section

627.701(4)(a) at issue in this case are analogous, Quadomain has not pled that QBE has invoked

this penalty provision.  Therefore, although it may be true that the policy in question violates

section 627.701(4)(a), there is no justiciable controversy.  Also, in that case, the court merely

found the provision void.  It did not award monetary damages.  Quadomain argues that because

in addition to monetary damages, it also requested "other such relief as this Court deems just,

equitable, and proper," this claim should survive because declaring the provision void "may not

be the only available remedy."  Yet, this Court has not found nor has Quadomain offered any

case law to support its request for the relief it is seeking.  Thus, Count IV is dismissed.

     In conclusion, it is

     **ADJUDGED** that Count I is dismissed as to the coinsurance claim; Count III is

dismissed; and Count IV is dismissed.  It is further

     **ADJUDGED** that the coverage claim in Count I shall be set for trial for the two-week

period commencing September 4, 2007 along with Count II and follow the schedule set by this

Court in its Order **(D.E. No. 10)**, filed on **January 25, 2007**.  QBE shall file an answer to this

claim by no later than **June 4, 2007**.

     DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of May, 2007.


                                     _____

                                     FEDERICO A. MORENO
                                     UNITED STATES DISTRICT JUDGE

Copies provided to:
Daniel S. Rosenbaum
William S. Berk

-16-